**Dated: April 27, 2009**
**The following is ORDERED:**



Tom R. Cornish
UNITED STATES BANKRUPTCY JUDGE

_____

NOT FOR PUBLICATION

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

IN RE:

**Frank William Rasberry**,  Case No. 08-80177
 Chapter 7

        Debtor.

## O R D E R

This matter came on for hearing before the Court on April 8, 2009, on the Debtor's Motion for Abandonment of Property (Docket Entry 48) and Objection filed by Lester Gagan (Docket Entry 54). Appearances were entered by Mark Craige, attorney for the Debtor, Richard Chapman, attorney for Lester Gagan, and Gerald R. Miller, Chapter 7 Trustee. After hearing and reviewing the briefs and arguments of counsel as well as the applicable provisions of the Bankruptcy Code and Federal Rules of Bankruptcy Procedure, this Court does hereby enter its decision in this core proceeding.

The Court inquired as to whether the parties wished to present evidence. Both the Debtor's attorney and Trustee declined. Mr. Chapman offered to appear for an evidentiary

trial on this matter but did not state what, if any, evidence he had to present regarding the value of the property to be abandoned.

Upon review of the case file, the Court notes that this case was filed on February 25, 2008. At the time of filing, Debtor did not schedule any claims he had against Gagan. Debtor received a discharge on June 18, 2008.[1] On October 28, 2008, Debtor filed a lawsuit against Gagan in the District Court for Wagoner County, Oklahoma, CJ-08-1327, ("State Court lawsuit") alleging, among other things, fraud, breach of contract, and breach of fiduciary duty. He requested damages in excess of $10,000, as well as punitive damages, for actions that took place prior to bankruptcy. There is no dispute among the parties in bankruptcy court that the claims in the State Court lawsuit are property of the bankruptcy estate. Mr. Gagan filed a motion to dismiss the State Court lawsuit, and the state court judge stayed that action pending resolution of the bankruptcy case.

Debtor amended his bankruptcy Schedule B, Personal Property, on February 9, 2009, to include the State Court lawsuit for fraud. He described it as: "Claim against Lester Gagan arising from stock purchase agreement." He added that the Trustee had been advised of the claim via an email on May 1, 2008, and that the claim had been "inadvertently omitted." He listed the value of that potential asset as "unknown." Attached to the Amended Schedule was the May 1st email to the Trustee.[2]

The Court recognizes that a debtor may not conceal assets and on the termination

---

[1] Gagan filed an adversary proceeding on April 20, 2009, Case No. 09-8015, seeking revocation of Debtor's discharge.

[2] The Court notes that the email states that the claim was included in Debtor's original Schedule B. However, upon examination of Debtor's schedules, the Court can find no reference to a claim against Gagan in any of Debtor's schedules.

of his case assert title to those assets. *See Rosenshein v. Kleban*, 918 F. Supp. 98, 102 (S.D.N.Y. 1996)(citations omitted). Similarly, a debtor lacks standing to pursue a claim post-bankruptcy where the claim was not scheduled, because an unscheduled claim is property of the estate. 11 U.S.C. § 554(d); *Rosenshein*, 918 F. Supp. at 102-103. The claim Debtor has against Gagan, whether scheduled or not, has always been property of the estate. However, Debtor has now amended his schedules to include his claim against Gagan. Debtors may amend schedules as a matter of course anytime before a case is closed, but must give notice thereof to any affected entities. Fed. R. Bankr. P. 1009. It appears that the Debtor did give notice of his amendment to Schedule B to interested entities. Now that the State Court lawsuit has been scheduled, the Court must decide whether it has any value to the estate or whether it should be abandoned as burdensome or of inconsequential value. 11 U.S.C. § 554.

As movant, Debtor has the burden of proving this to the Court. In objecting to abandonment, Gagan must show some likely benefit to the estate and not simply speculate as to possible scenarios in which there might be some benefit. *In re Nelson*, 251 B.R. 857, 860 (8th Cir. B.A.P. 2000); *In re Johnson*, 2003 WL 23811676 (Bankr. D. Kan. 2003). Usually, it is the trustee who evaluates whether or not certain property should be abandoned. Although the Trustee did not formally request abandonment, he did not object to the Debtor's Motion and indicated to the Court at this hearing that he supports abandonment. In moving for abandonment of his claim against Gagan, the Debtor is relying upon the Trustee's valuation of this claim. The Trustee stated to the Court that he does not think the Debtor's claim has any value to the estate, in spite of the allegations made in the State Court lawsuit, and he stated that he is not willing to pursue it on behalf

of the estate. He explained that he cannot justify to the estate the expense necessary to pursue the State Court lawsuit. The Trustee also indicated that he has received no offer from anyone to buy the claim from the estate. Although Gagan asserted that another creditor, Kirby Smith, would have been interested in purchasing the claim from the Trustee if it had been scheduled, that creditor has filed no objection to Debtor's Motion to Abandon after receiving notice. The Court deems this information too speculative to establish some benefit to the estate that the claim might represent.

Gagan may be correct in stating that the State Court lawsuit does have value, if only because it has value to the Debtor. However, the test for abandonment is its value to the estate. The Trustee stated that the claim does not have enough value to justify the costs of litigation to pursue the claim. The Court notes that the Trustee has significant experience in evaluating assets and claims in many bankruptcies. The Court recognizes his expertise in evaluating these types of claims. Therefore, it is this Court's opinion that the Debtor's claim in the State Court lawsuit is of inconsequential value and benefit to the estate, and it should therefore be abandoned.

IT IS THEREFORE ORDERED that the Debtor's Motion for Abandonment of Property (Docket Entry 48) is **granted**.

Movant shall notify interested parties of this Order.

# # #